BAPTIST HOSPITAL, ET AL., )
   Plaintiffs/Appellees, ) Appeal No.
         ) 01-A-01-9610-BC-00465
v.         )
         ) TN Claims No.
TENNESSEE DEPARTMENT OF ) 404692
HEALTH,      )
   Defendant/Appellant. )

**FILED**

April 25, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE TENNESSEE CLAIMS COMMISSION

MIDDLE DIVISION AT NASHVILLE, TENNESSEE


THE HONORABLE W.R. BAKER, COMMISSIONER

CHARLES W. BURSON
Attorney General and Reporter

SUE A. SHELDON
Assistant Attorney General
Cordell Hull Building, 2nd Floor
426 5th Avenue, North
Nashville, Tennessee 37243-0499
  ATTORNEYS FOR DEFENDANTS/APPELLANTS

WILLIAM B. HUBBARD
Weed, Hubbard, Berry & Doughty
Third National Financial Center
424 Church Street, Suite 2900
Nashville, Tennessee 37219

SANFORD E. PITLER
ELIZABETH A. McFALL
Bennett & Bigelow
1111 Third Avenue, Suite 1580
Seattle, Washington, 98101
  ATTORNEYS FOR PLAINTIFFS/APPELLEES

REVERSED AND REMANDED


SAMUEL L. LEWIS, JUDGE

## OPINION

This is an appeal by defendants/appellants, the Tennessee Department of Health and the Tennessee Department of Finance and Administration ("the State"), from a decision of the Tennessee Claims Commission ("the Commission") denying the State's motion to dismiss plaintiff/appellee's claim.[1] The facts out of which this matter arose are as follows.

The State entered into provider agreements with the Hospitals for the provision of health care to Medicaid recipients. From 1 October 1983 to 31 December 1993, the State reimbursed the Hospitals using a prospective payment methodology, i.e, the Hospitals received a fixed dollar amount for every day a patient spent in the hospital. Effective 1 July 1989, the State began limiting the Hospitals' reimbursement. Once a patient had spent twenty days as an inpatient during the State's fiscal year, the State only paid sixty percent of the fixed rate for the twenty-first day and every day thereafter.

In 1990, Congress passed a law regarding the reimbursement of Medicaid providers. Effective 1 July 1991, federal legislation prohibited states from imposing day and dollar limits on the reimbursement of hospitals for services provided to infant Medicaid eligibles and Medicaid eligible children in hospitals serving a disproportionate share of low income patients with special needs. 42 U.S.C. § 1396a(s)(2),(3) ("OBRA '90"). On 8 August 1995, the Hospitals filed a complaint with the Commission. The Hospitals alleged that the State breached the reimbursement methodology clause[2] of the provider agreements. Specifically, the Hospitals claimed the conflict clause[3] found in the provider agreements caused

---

[1] The plaintiffs in this case are Baptist Hospital, East Tennessee Children's Hospital, Erlanger Medical Center, Fort Sanders Regional Medical Center, Holston Valley Hospital & Medical Center, Johnson City Medical Center Hospital, Le Bonheur Children's Medical Center, Maury Regional Hospital, Methodist Hospitals of Memphis, Regional Medical Center of Memphis, St. Mary's Medical Center, and Vanderbilt University Medical Center. Hereinafter the plaintiffs shall be referred to as "the Hospitals."

[2] The "Reimbursement Methodology Clause" provided that "this facility: . . . Agrees to use the same method of reimbursement for Title XIX that is used for Title XVIII, Medicare.

[3] The conflict clause provided: "If any part of this agreement is found to be in conflict with any Federal or State laws or regulations having equal weight of law, or if any part is placed in conflict by amendment of such laws, this agreement is so amended."

OBRA '90 to amend the reimbursement methodology clause and the State breached the provider agreements when it continued to restrict the Hospitals' reimbursement. The Hospitals claimed approximately twelve million dollars in damages.

The State responded to the complaint by filing a motion to dismiss. The motion alleged the Hospitals failed to state a claim, the Commission lacked jurisdiction, and the State was immune. The Commission dismissed the Hospitals' claim for attorney's fees, but denied the rest of the State's motion. The Commission held it had subject matter jurisdiction and the Hospitals had stated grounds for which it could grant relief.

On 14 October 1996, the State filed a motion requesting permission to file an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The motion explained the State had also filed a "Petition for Interlocutory Review" pursuant to Rule 12 of the Tennessee Rules of Appellate Procedure in this court because "[t]he question of whether proceedings for review of an interlocutory order of the Claims Commission are properly commenced under Tenn. R. App. Proc. 9 or 12(II) appears somewhat unsettled." The Commission granted the motion after finding that "an interlocutory appeal will result in a net reduction in the duration and expense of the litigation if the challenged order be reversed." The Commission also held Rule 12(II) did not apply to its decisions.

On 29 October 1996, the Hospitals filed an objection to the Rule 12 petition for review. The Hospitals claimed the appropriate rule was nine, not twelve, but also argued the State had failed to meet the requirements of a Rule 9 interlocutory appeal. On 1 November 1996, this court entered an order reserving judgment on the Hospitals' objection until after oral argument. The Hospitals later withdrew their objection.

On 26 November 1996, the Hospitals filed a response in support of the State's Rule 9 application. In December, this court entered an order regarding the Rule 9 application. This court stated: "It is, therefore, ordered that judgment on the Tenn. R. App. P. 9 application for permission to appeal be reserved until oral argument of the Tenn. R. App. P. 12 petition for review. In the event the Tenn. R. App. P. 9

application is granted, the briefs and arguments of the parties on the merits of the Tenn. R. App. P. 12 application will be considered in the Tenn. R. App. P. 9 appeal."

## I.    Basis of Appeal

### A.    Which Rule Applies?

The State initially filed a Rule 12 petition for review citing part II of Rule 12. It then filed a Rule 9 application for permission to appeal. It is the opinion of this court that the appropriate basis for appeal given the procedural history of this case is Rule 12(II). Rule 12(I) applies when: 1) the agency is subject to the Uniform Administrative Procedures Act ("UAPA") and 2) a party must appeal a decision of the agency directly to the court of appeals. Part II applies when only the second factor exists. It is the opinion of this court that Rule 12(II) applies because the Commission is not subject to the UAPA and its orders are directly appealable to the court of appeals.

Unfortunately, there is no clear statement as to whether the Commission is subject to the UAPA. In fact, the parties appear to have assumed this aspect of their case. Nevertheless, this court finds no fault in the assumption. To explain, the provisions of Title 9, chapter 8, parts 3 and 4 establish the Commission, set out its powers and jurisdiction, and dictate certain procedural requirements. *See* Tenn. Code Ann. §§9-8-301, -305, -307, -403 (1992 & Supp. 1996). The provisions of the UAPA do essentially the same things for those agencies to which the provisions apply. Thus, it seems that had the General Assembly intended the provisions of the UAPA to apply to the Commission it would not have gone to such great lengths to throughly describe the powers, jurisdiction, and procedures of the Commission in a separate title. Moreover, a finding that the Commission is subject to the UAPA would create a great deal of conflict between the statutes involving the Commission and the statutes of the UAPA. Courts should avoid reading statutes in ways "which would operate to impair, frustrate, or defeat the object of the statute." *First Nat'l Bank of Memphis v. McCanless*, 186 Tenn. 1, 9, 207 S.W.2d 1007, 1010 (1948). Application of the UAPA to the Commission would essentially destroy the need for a majority of the statutes regulating the activities of the Commission. It is the opinion of this court that

the Commission is not subject to the provisions of the UAPA. In addition, decisions of the Commission are directly appealable to the court of appeals pursuant to Tennessee Code Annotated section 9-8-403(a)(1). Thus, a decision of the Commission is appealable under Rule 12(II).

## B.      Does Rule 12(II) Include Interlocutory Appeals?

Pursuant to Rule 12(II) "[r]eview is instituted by filing a petition for review with the clerk of the Court of Appeals within thirty days after the date of entry of the administrative order appealed from." The language of the Rule 12(II) does not in any way limit the review to final decisions. Thus, it is the opinion of this court that Rule 12(II) includes interlocutory appeals.

## C.      Standard of Review

The standard of review in this case is governed by the Tennessee Rules of Appellate Procedure. *See* Tenn. Code Ann. § 9-8-403(a)(1) (1992); Tenn. R. App. P. 12(II)(h). This court reviews the Commission's decisions pursuant to Rule 13(d). That is, we review the findings of fact "de novo upon the record of the [Commission], accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). No presumption accompanies questions of law.

## II.      Issues Presented for Review

The State presented two issues for this court to review. The State's first issue is whether the Commission erred when it failed to find that it lacked subject matter jurisdiction, and its second issue is whether the Commission erred in not finding that the Hospitals' complaint failed to state a cause of action upon which relief could be granted. We address these issues together.

The State argues the complaint failed to state a breach of contract claim because the provision relied on by the Hospitals does not create a contractual obligation on the part of the State and because the conflict clause necessary to the

Hospitals' theory only applies when there is a conflict between the provisions of the contract and state or federal law, not when there is a conflict between state and federal law. In response, the Hospitals argue this court must take their allegations as true. The Hospitals also clarify that they are claiming that the State breached the reimbursement methodology clause, not the conflict clause.

It is the opinion of this court that both parties are correct in certain respects. First, the Hospitals properly state the standard for disposing of motions to dismiss. This court must take the allegations of the complaint as true and construe them in favor of the plaintiff. *Pemberton v. American Distilled Spirits Co,*, 664 S.W.2d 690, 691 (Tenn. 1984). Second, the State properly argues the Hospitals failed to state a cause of action because they failed to allege or allege a set of facts such that this court could construe that the provider agreements included a contractual obligation which the State breached.

The Hospitals alleged the State's reimbursement method violated OBRA '90. They also alleged the enactment of OBRA '90 automatically amended the reimbursement methodology clause to include the provisions of OBRA '90. Finally, the Hospitals alleged the State's violation of OBRA '90 constituted a breach of contract. As argued by the Hospitals, we must take these allegations as true and construe them in favor of the Hospitals. Nevertheless, we must conclude they fail to state a cause of action. The problem is it is necessary to infer from the second and final allegations stated above that the reimbursement methodology clause created a contractual obligation on the part of the State. Unfortunately, the Hospitals' complaint and the clause itself does not support this inference. To explain, the complaint states:

> Each Provider Agreement also contains the following provision:
> > [The Hospital] agrees to use the same method of reimbursement for Title XIX that is used for Title XVIII, Medicare.
> The foregoing provision is referred to hereinafter as the "Medicare Payment Clause.[4]

This clause creates a contractual obligation on the particular hospital, not the State.

---

[4] (alterations in original) In their brief, the Hospitals refer to this provision as the reimbursement methodology clause.

It is the opinion of this court that the Commission erred when it denied the motion to dismiss because the complaint failed to allege an essential element of the Hospitals' breach of contract claim. The Hospitals' complaint did not include any other claims. Thus, the Hospitals failed to state a cause of action and the Commission should not have granted the motion.

Therefore, it results that the decision of the Tennessee Claims Commission is reversed, and the case is remanded to the trial court for collection of costs, and to the Tennessee Claims Commission for any further proceedings in accordance with this opinion. Costs on appeal are taxed to plaintiffs/appellees, the Hospitals.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING
     JUDGE, MIDDLE SECTION

_____
BEN H. CANTRELL, JUDGE