IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
December 13, 2012 Session

## DEBBIE WEST, Individually and as the Surviving Spouse of WILLIAM P. WEST, Deceased v. AMISUB (SFH), INC., d/b/a ST. FRANCIS HOSPITAL, ET AL.

Direct Appeal from the Circuit Court for Shelby County
No. CT-003211-11      Robert L. Childers, Judge

No. W2012-00069-COA-R3-CV - Filed March 21, 2013

This is a medical malpractice case. The General Sessions Court granted the Defendants' motions to dismiss based on Plaintiff's failure to comply with the pre-suit notice and certificate of good faith requirements under the Tennessee Medical Malpractice Act ("TMMA"). Plaintiff timely sought a *de novo* appeal to Circuit Court, paid $211.50 to the General Sessions Court clerk, and paid an additional cash bound in the amount of $250.00. On appeal in Circuit Court, the Defendants filed motions for summary judgment based on Plaintiff's failure to comply with the TMMA. After raising the issue *sua sponte*, the Circuit Court concluded that it lacked subject matter jurisdiction to consider the appeal from the General Sessions Court because Plaintiff failed to file a surety bond as required under Tennessee Code Annotated section 27-5-103. Alternatively, the Circuit Court further concluded that, even if it had jurisdiction, the Defendants were entitled to summary judgment because Plaintiff failed to comply with the TMMA. Plaintiff appeals. Although we conclude that the Circuit Court erred in dismissing the appeal from General Sessions Court for lack of subject matter jurisdiction, we affirm the Circuit Court's grant of summary judgment in favor of the Defendants.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed in part, Affirmed in part and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., joined. ALAN E. HIGHERS, P.J., W.S., filed a partial dissent.

Barry J. McWhirter, Memphis, Tennessee, for the appellant, Debbie West.

Joseph M. Clark and Erika D. Roberts, Memphis, Tennessee, for the appellee, Imran Mirza, M.D.

Darrell E. Baker, Jr., Deborah Whitt, and M. Jason Martin, Memphis, Tennessee, for the appellee, Mark Mills, M.D.

W. Timothy Hayes, Jr. and Virginia P. Bozeman, Memphis, Tennessee, for the appellee, AMISUB (SFH), Inc.

Amanda Waddell, Memphis, Tennessee, for the appellee, Phillip D. Waldrup, M.D.,

J. Kimbrough Johnson, Memphis, Tennessee, for the appellee, Douglas Linville, M.D.

Tabitha F. McNabb, Memphis, Tennessee, for the appellee, Shoaib Qureshi, M.D.

**OPINION**

### I. Background and Procedural History

On December 29, 2010, Debbie West ("Ms. West"), individually and as surviving spouse of William P. West, filed suit in the Shelby County General Sessions Court against AMISUB (SFH), Inc. d/b/a St. Francis Hospital, Imran Mirza, M.D., James J. Wang, M.D., Phillip D. Waldrup, M.D., Shoaib Qureshi, M.D., Douglas A. Linville, M.D., Terry L. Thompson, M.D., Mark Mills, M.D., James Thomas, M.D., and John Doe, M.D. (collectively as the "Defendants").[1] Ms. West asserted claims for medical malpractice and wrongful death arising out of the medical treatment received by her deceased spouse. Thereafter, the Defendants filed motions to dismiss arguing that Ms. West failed to comply with the pre-suit notice and certificate of good faith requirements under the TMMA. *See* Tennessee Code Annotated sections 29-26-121 and 29-26-122 (Supp. 2011).[2] In support of their motions, Defendants argued that Ms. West failed to file a copy of the pre-suit notice with the civil warrant, failed to file proof of service of the pre-suit notice with the civil warrant, failed to allege compliance with the pre-suit notice provisions in the civil warrant, and failed to file a certificate of good faith with the civil warrant. Furthermore, although Ms. West provided

---

[1]Although James J. Wang, M.D., Terry L. Thompson, M.D., and James Thomas, M..D. were originally named in the General Sessions Warrant, service of process was not accomplished as to these individuals and they never made an appearance before the General Sessions Court. Therefore, these individuals were never properly before the General Sessions Court, and the inclusion of their names as Defendants on appeal from the General Sessions Court to the Circuit Court was in error.

[2]This Court is aware that, effective April 23, 2012, the TMMA was amended, and the words "health care liability" were substituted for the word "malpractice" throughout the statute. 2012 Tenn. Pub. Acts, ch. 798, § 1-59. In this opinion, however, we cite to the version in effect at the time Ms. West filed her suit.

the Defendants with pre-suit notice letters prior to filing suit, the Defendants argued that the letters failed to comply with the TMMA for the following reasons: (1) the letters failed to list the addresses of the providers that received notice; (2) the HIPAA authorization did not include the names or identities of the persons or entities authorized to disclose Ms. West's medical records; and (3) the HIPAA authorization only permitted the limited use or disclosure of information and medical records regarding treatment from August 1, 2009 to present. After conducting a hearing on the motions, the General Sessions Court granted the Defendants' motions to dismiss based on Ms. West's failure to comply with the pre-suit notice and certificate of good faith requirements under the TMMA.

Ms. West timely sought a *de novo* appeal to the Circuit Court of Shelby County. Within ten (10) days of the General Sessions Court judgment, Ms. West filed a notice of appeal and paid $211.50 to the General Sessions Court clerk, and an additional cash bond in the amount of $250.00. On appeal in Circuit Court, the Defendants filed motions for summary judgment based on Ms. West's failure to comply with the pre-suit notice and certificate of good faith requirements under the TMMA. After filing responses to the Defendants' motions for summary judgment, Ms. West filed a Motion for Extension of Time in which to file a Certificate of Good Faith. Before ruling on the motions for summary judgment, the Circuit Court *sua sponte* raised the issue regarding whether or not it had subject matter jurisdiction to hear the appeal from General Sessions Court. After allowing the parties the opportunity to brief and argue the issue, the Circuit Court concluded that Ms. West's filing of a cash bond, as opposed to a surety bond, was insufficient to perfect her appeal from General Sessions Court under Tennessee Code Annotated section 27-5-103. Furthermore, the Circuit Court concluded that, even if it had jurisdiction, Ms. West failed to comply with the pre-suit notice and certificate of good faith requirements under the TMMA. Accordingly, the trial court entered its final order in which it dismissed the case for lack of subject matter jurisdiction, granted the Defendants' motions for summary judgment, and denied Ms. West's Motion for Extension of Time in which to file a Certificate of Good Faith. Ms. West timely filed a notice of appeal to this Court.

## II. Issues Presented

Ms. West presents the following issues, as restated, for our review:

(1)     Whether the Circuit Court erred in dismissing her case for lack of subject matter jurisdiction,

(2)     Whether the Circuit Court erred in granting the Defendants' motions for summary judgment based on her alleged failure to comply with the pre-suit notice and certificate of good faith requirements under the TMMA,

-3-

and

(3)    Whether the Circuit Court erred in denying her Motion for Extension of Time in which to file a Certificate of Good Faith.

### III. Discussion

### A. Subject Matter Jurisdiction

We begin our discussion by addressing whether the Circuit Court erred in dismissing the case for lack of subject matter jurisdiction based on Ms. West's failure to file a surety bond pursuant to Tennessee Code Annotated section 27-5-103. Subject matter jurisdiction involves a tribunal's lawful authority to adjudicate the controversy brought before it. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000); *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001). The subject matter jurisdiction of a tribunal in a particular case depends on the nature of the cause of action and the relief sought, *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn.1994); *SunTrust Bank v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000), and can only be conferred on a tribunal by the Constitution of Tennessee, the common law, or a legislative act. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). Since the determination of whether subject matter jurisdiction exists is a question of law, our standard of review is *de novo*, with no presumption of correctness given to the decision below. *Northland Ins. Co.*, 33 S.W.3d at 729 (citing *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999)).

Tennessee Code Annotated section 27-5-103, concerning appeals from general sessions court, provides that:

> (a) Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the costs of the appeal, or take the oath for poor persons.
> (b) An appeal bond filed by a plaintiff or defendant pursuant to this chapter shall be considered sufficient if it secures the cost of the cause on appeal.

Tenn. Code Ann. § 27-5-103 (2010). "'The requirement of a bond in order to perfect an appeal from an inferior court to the circuit court is not a formality. The appeal is not perfected without it.'" *Carter v. Batts*, 373 S.W.3d 547, 551 (Tenn. Ct. App. 2011), *perm. app. denied* (Tenn. Apr. 11, 2012) (quoting *City of Red Boiling Springs v. Whitley*, 777 S.W.2d 706, 708 (Tenn. Ct. App. 1989) (citing *Chapman v. Howard*, 71 Tenn. 363 (1879))).

Moreover, "'[t]he only way that a circuit court may acquire subject matter jurisdiction over a case litigated in a general sessions court is through the timely perfection of a *de novo* appeal.'" *Sturgis v. Thompson*, No. W2010-02024-COA-R3-CV, 2011 WL 2416066, at \*3 (Tenn. Ct. App. June 13, 2011), *perm. app. denied* (Tenn. Sept. 21, 2011) (quoting *Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at \*8 (Tenn. Ct. App. Jan. 29, 2008)).

Recently, in *Bernatsky v. Designer Baths & Kitchens, LLC*, No. W2012-00803-COA-R3-CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013), this Court addressed the issue of whether the payment of $211.50 to the General Sessions Court clerk satisfied the requirement to "give bond with good security . . . for the costs of the appeal" under Tennessee Code Annotated section 27-5-103. After determining that Section 27-5-103 was ambiguous, we construed that provision along with Section 8-21-401, and determined that giving a cash bond of $211.50, which included the $150.00 "standard court cost" for appeals from General Sessions Court,[3] satisfied the requirement in Section 27-5-103(a) to "give bond with good security . . . for the costs of the appeal." *Id.* at \*19. In the case at bar, it is undisputed that Ms. West timely filed her notice of appeal, paid a cash bond of $211.50 to the General Sessions Court clerk, and further provided an additional $250.00 cash bond. As a result, Ms. West met her obligation under Section 27-5-103 to "give bond with good security . . . for the costs of the appeal." Therefore, in light of this Court's opinion in *Bernatsky*, we conclude that the Circuit Court erred in determining that it lacked subject matter jurisdiction based on Ms. West's failure to file a surety bond, and reverse the Circuit Court's dismissal of the appeal.

## B. Certificate of Good Faith Requirement

Next, we must address whether the trial court erred in granting summary judgment in favor of the Defendants based on Ms. West's failure to comply with the certificate of good faith requirement under the TMMA.[4] A trial court's decision to grant or deny a motion for summary judgment presents a question of law. Our review is, therefore, *de novo* with no presumption of correctness. *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)

---

[3]Tennessee Code Annotated § 8–21–401(b)(1)(C)(i) provides, in part, that:

> (C) In the following specific types of civil actions, the clerk shall charge a standard court cost of one hundred fifty dollars ($150) at the institution of a case:
> (i) Appeals to the circuit . . . court from . . . general sessions court. . . .

[4]While Ms. West also takes issue with the trial court's grant of summary judgment based on her failure to comply with the pre-suit notice requirements under the TMMA, our discussion shall focus on her failure to comply with the certificate of good faith requirement because it is dispositive in this matter.

(citing *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). As such, "we must freshly determine whether the requirements of Tenn. R. Civ. P. 56 have been met." *Hunter v. Brown*, 955 S.W.2d 49, 50–51 (Tenn. 1997) (citing *Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 44–45 (Tenn. Ct. App. 1993)).

Tennessee Code Annotated section 29-26-122 requires the filing of a certificate of good faith in all medical malpractice cases:

> (a) In any medical malpractice action in which expert testimony is required by § 29–26–115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29–26–121 or demonstrated extraordinary cause. The certificate of good faith shall state that:
>
> (1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>
> (A) Are competent under § 29–26–115 to express an opinion or opinions in the case; and
>
> (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29–26–115; or
>
> (2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>
> (A) Are competent under § 29–26–115 to express an opinion or opinions in the case; and
>
> (B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent

with the requirements of § 29–26–115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

Tenn. Code Ann. § 29-26-122 (a) (Supp. 2011). "The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice." Tenn. Code Ann. § 29-26-122(c).

It is undisputed that Ms. West failed to file a certificate of good faith in this matter. On appeal, however, Ms. West argues that she was not required to do so because she commenced her action in General Sessions Court by filing a civil warrant,[5] and Section 29-26-122(a) only requires the filing of a certificate of good faith when filing a "complaint." Accordingly, the outcome of this matter requires us to interpret Section 29-26-122(a).

The Tennessee Supreme Court recently summarized the applicable principles for matters involving statutory interpretation as follows:

When dealing with statutory interpretation, well-defined precepts apply. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 836 (Tenn. 2008). Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006).

*Estate of French v. Stratford House*, 333 S.W.3d 546, 554 (Tenn. 2011). Furthermore, "statutes must be construed 'with the saving grace of common sense.'" *State ex rel. Maner v. Leech*, 588 S.W.2d 534, 540 (Tenn. 1979). The most important and compelling rule of statutory construction "is that the law be rendered intelligible and absurdities avoided." *Roberts v. Cahill Forge & Foundry Co.*, 184 S.W.2d 29, 31 (Tenn. 1944). Courts must avoid

---

[5]"A civil action in the general sessions courts is commenced by a civil warrant issued by the clerk . . . ." Tenn. Code Ann. § 16-15-716.

a construction that would defeat or frustrate the purpose of the statute or that "would work to the prejudice of the public interest." *State ex. rel. Maner*, 588 S.W.2d at 540 (citations omitted).

Section 29-26-122 clearly states that "[i]n *any medical malpractice action* in which expert testimony is required by § 29–26–115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint." Tenn. Code Ann. § 29-26-122(a) (emphasis added). Also, at the time of the proceedings below, Section 29-26-101 defined "medical malpractice action" as "*any civil action*, . . . alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based." Tenn. Code Ann. § 29-26-101(a)(1) (emphasis added). Moreover, Section 29-26-121 requires a plaintiff to provide at least sixty (60) days pre-suit notice "before the filing of a complaint based upon medical malpractice *in any court of this state*." Tenn. Code Ann. § 29-26-121(a)(1) (emphasis added). Although the TMMA does not define the word "complaint," Black's Law Dictionary defines "complaint" as "[t]he initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief." *Black's Law Dictionary* (9th ed. 2009); *see Christenberry Trucking & Farm, Inc. v. F & M Mktg. Services, Inc.*, 329 S.W.3d 452, 459 (Tenn. Ct. App. 2010) (Courts may "look to the dictionary as 'the usual and accepted source' for the 'natural and ordinary meaning' of the term.") (quoting *English Mountain Spring Water Co. v. Chumley*, 196 S.W.3d 144, 148 (Tenn. Ct. App. 2005)). Therefore, while we acknowledge that a plaintiff files a "civil warrant" in order to commence a civil action in General Sessions Court, *see* Tenn. Code Ann. § 16-15-716, we conclude that the certificate of good faith requirement under the TMMA applies to "any medical malpractice action" filed "in any court of this state," not only those actions commenced by filing a "complaint" in Circuit Court. To conclude otherwise would frustrate the purpose of the certificate of good faith requirement and allow a plaintiff to circumvent this mandatory requirement simply by filing a medical malpractice action in General Sessions Court. *See Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 309 (Tenn. 2012) ("The essence of Tennessee Code Annotated section 29-26-122 is that a defendant receive assurance that there are good faith grounds for commencing such action."); *Kerby v. Haws*, No. M2011-01943-COA-R3-CV, 2012 WL 6675097, at *4 (Tenn. Ct. App. Dec. 20, 2012) ("The filing of a certificate of good faith indicating that an expert has reviewed the claims and has certified that they are taken in good faith 'satisfies the goal of attempting to ensure that suits proceeding through litigation have some merit.'") (quoting *Jenkins v. Marvel*, 683 F. Supp. 2d 626, 639 (E.D. Tenn. 2010)).

Finally, Ms. West argues that, even if she was required to file a certificate of good faith, she sufficiently demonstrated "extraordinary cause" to excuse her noncompliance. *See* Tenn. Code Ann. § 29-26-122(a) ("If the certificate is not filed with the complaint, the

complaint shall be dismissed, as provided in subsection (c), absent . . . demonstrated extraordinary cause."). Alternatively, Ms. West argues that she demonstrated "good cause" such that the trial court should have granted her Motion for Extension of Time in which to file a Certificate of Good Faith. *See* Tenn. Code Ann. § 29-26-122(c) ("The court may, upon motion, grant an extension within which to file a certificate of good faith . . . for other good cause shown."). Our review under either standard is abuse of discretion. *See Childs v. UT Med. Group, Inc.*, No. W2011-01901-COA-R3-CV, 2012 WL 3201933, at *8 (Tenn. Ct. App. Aug. 8, 2012), *perm. app. denied* (Tenn. Dec. 11, 2012).

Ms. West raises two points in support of her positions. First, Ms. West again relies on her mistaken belief that she was not required to file a certificate of good faith because she commenced her action by filing a civil warrant in General Sessions Court. Second, Ms. West cites Tennessee Code Annotated section 16-15-729 which provides:

> No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be de novo, including damages.

Tenn. Code Ann. § 16-15-729. Thus, according to Ms. West, her failure to file a certificate of good faith was a mere "informality" and her case could not be dismissed for that reason.

We find it unnecessary to address the differences between "extraordinary cause" and "good cause," as Ms. West failed to demonstrate either in this case. Ms. West's argument for failing to comply with the certificate of good faith requirement under the TMMA is based on her misinterpretation of the law. As we concluded, the certificate of good faith requirement under the TMMA applies with equal force in "any medical malpractice action" filed "in any court of this state." Moreover, Ms. West offers no explanation why, after her case was dismissed by the General Sessions Court for failing to comply with the certificate of good faith requirement under the TMMA, she waited until she was faced with the Defendants' motions for summary judgment in Circuit Court to file her Motion for Extension of Time in which to file a Certificate of Good Faith. Therefore, based on the record before us, we are unable to conclude the Circuit Court abused its discretion by refusing to excuse Ms. West's noncompliance with the certificate of good faith requirement. Furthermore, we find no abuse of discretion in the Circuit Court's denial of Ms. West's Motion for Extension of Time in which to file a Certificate of Good Faith. All other issues in this cause are pretermitted.

## IV. Conclusion

For the foregoing reasons, we reverse the Circuit Court's dismissal of the appeal from General Sessions for lack of subject matter jurisdiction. We affirm the Circuit Court's grant of summary judgment in favor of the Defendants based on Ms. West's failure to comply with the certificate of good faith requirement under the TMMA, and also affirm the Circuit Court's denial of Ms. West's Motion for Extension of Time in which to file a Certificate of Good Faith. These holdings pretermit all other issues raised on appeal. Costs of this appeal are taxed one-half to Appellant, Debbie West, and her surety, and one-half to the Appellees, AMISUB (SFH), Inc. d/b/a St. Francis Hospital, Imran Mirza, M.D., Mark Mills, M.D., Phillip D. Waldrup, M.D., Douglas Linville, M.D., and Shoaib Qureshi, M.D., for all of which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE