STATE ex rel. Wasim AZIZ, Petitioner,

v.

Donna McCONDICHIE,
et al., Respondents.

No. SC 85347.

Supreme Court of Missouri,
En Banc.

April 27, 2004.

Joseph P. Bednar, Matthew B. Uhrig, Jefferson City, for petitioner.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrew W. Hassell, Asst. Atty. Gen., Jefferson City, for respondents.

PER CURIAM.

Petitioner Wasim Aziz was incarcerated under a parole revocation order. Aziz filed a petition *pro se* seeking a writ of habeas corpus alleging that his parole was revoked in violation of due process.

Aziz had been sentenced to 15 years in the custody of the Missouri Department of Corrections upon conviction of first degree tampering, a class C felony, in 1991. Aziz was granted parole in July 2000. He was arrested in April 2002, pursuant to a parole violation warrant. At his request, a preliminary hearing was held to determine

whether there was probable cause to believe Aziz violated conditions of his parole. Subsequently, the board of probation and parole held a final parole revocation hearing and revoked Aziz's parole.

The board revoked Aziz's parole for violation of three conditions of his parole: possession of a controlled substance and drug paraphernalia, association with a convicted felon, and use of controlled substance.

Aziz's petition for habeas corpus alleged various violations of the due process standards set forth in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *State ex rel. Mack v. Purkett*, 825 S.W.2d 851 (Mo. banc 1992). Aziz alleges that he was denied due process at both the preliminary and final revocation hearings because he was: (1) denied the right to contact witnesses; (2) denied the right to question the lab technician who authored the lab report on the test results for a controlled substance; and (3) denied access to police reports and a lab report.

Aziz's petition for habeas relief was denied in the circuit court and in the court of appeals. This Court has jurisdiction pursuant to Mo. Const. art. V, sec. 4.

After Aziz filed his petition here, this Court granted its writ and appointed counsel for Aziz.[1] While this matter has been pending, the board granted Aziz a new parole revocation hearing. That hearing was held a few days prior to the oral argument in this case, and the attorney general informs the Court that the board revoked Aziz's parole following the new revocation hearing. The revocation was based on violation of parole conditions relating to a violation of law and to possession of drugs. The board also decided to release Aziz to a new term of parole as soon as a home plan was approved.

Soon after oral argument, Aziz was released on parole. Initially counsel informed the Court that the board had determined to place Aziz on electronic monitoring while he resided either with his mother or an aunt. Aziz, however, was released to the custody of the St. Louis City jail on a detainer. Aziz's counsel informed the Court on April 12, 2002, that the department of corrections had informed Aziz that, after his release from local custody, he would be assigned to a halfway house to begin his new parole status.

The state contends that the petition for habeas corpus is now moot because Aziz has been returned to a parole status.

Aziz, on the other hand, contends that being subjected to electronic monitoring or to residence in a halfway house is a significant deprivation of liberty, sufficient to invoke due process protections set forth in *Morrissey* and *Mack*.[2] Due process

1. The Court expresses its appreciation to attorney Joseph P. Bednar, Jr., who represented petitioner *pro bono* by appointment of this Court.

2. The minimum due process requirements for final parole hearings are summarized in *Mack* as follows:
   a) written notice of the claimed violations of parole;
   b) disclosure to the parolee of evidence against him;
   c) opportunity to be heard in person and to present witnesses and documentary evidence;
   d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
   e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and
   f) a written statement by the factfinders as to the evidence relied on and the reasons for revoking the parole. *Mack*, 825 S.W.2d at 854.

standards for parole revocation hearings are not as elaborate as those for criminal prosecutions. The standards are flexible to allow consideration of evidence that would not be admissible in an adversary criminal trial. *Mack*, 825 S.W.2d at 854. The reliability of test reports, for instance, can be accepted where such reports are disclosed to the parolee prior to a hearing where the parolee has the opportunity to contest their validity. Similarly, with respect to witnesses, the due process right to confrontation at a parole revocation hearing is less stringent than the confrontation guarantee in a criminal trial. 825 S.W.2d at 855. Aziz's allegations of due process violations, however, are similar to those in *Mack* that resulted in a writ ordering that the petitioner be released from prison and restored to parole status.

Neither *Mack* nor *Morrissey* deals with the question of whether increased restrictions on liberty, while a petitioner is on parole, invoke due process protection. "The essence of parole is release from prison, before completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence." *Morrissey*, 408 U.S. at 477, 92 S.Ct. 2593. To accomplish the purpose of parole, the United States Supreme Court points out, "those who are allowed to leave prison early must meet certain conditions that would constitute restrictions on one's liberty." These parole conditions restrict a parolee's activities "substantially beyond the ordinary restrictions imposed by law on an individual citizen." 408 U.S. at 478, 92 S.Ct. 2593.

■ The board of probation and parole is given wide discretion to determine the conditions of an offender's parole. Section 217.705.2 requires that probation and parole officers "keep informed of the offender's conduct and condition and use all suitable methods to aid and encourage the offender to bring about improvement in the offender's conduct and conditions." The statute requires that an offender released under supervision is entitled to a written statement of the conditions of probation, parole or conditional release and is entitled to be instructed as to these conditions. Section 217.705.2. As to those on probation—which is supervised by the court—a probation and parole officer may recommend modifying the conditions of probation at any time, which the court may then order. Section 217.705.3. That section has no provision for a hearing, but simply recognizes that probation is subject ultimately to the supervision of the judge not the board of probation and parole.

Parole, on the other hand, is under the board's supervision. As the supervisor of parole, the board appears to have similarly broad discretion under the statute to modify the terms and conditions of parole without a hearing.

■ The offender on parole is under a sentence and is subject to the board's supervision. If the board determines that additional conditions need to be placed upon an offender, the board is free to do so without the constraints of a hearing. If the board determines that parole supervision is best accomplished through electronic monitoring for a period of time, or residence in a halfway house, the board should be able to make those changes without going through the hearing process. The purpose of parole, as the United States Supreme Court has noted, is "to help individuals reintegrate into society as constructive individuals as soon as they are able, without being confined for the full term of the sentence imposed." 408 U.S. at 477, 92 S.Ct. 2593. To impose unnecessary constraints upon parole conditions may provide an incentive to keep offenders in prison longer than the board might otherwise deem suitable.

In short, as to the petition for a writ of habeas corpus, petitioner Aziz is on parole, although with greater restrictions on his freedom than existed prior to his 2002 arrest. His petition here sought release from prison because of the due process violations in his parole revocation proceeding. He is released from prison and his petition is, accordingly, moot.[3]

Aziz's cause is dismissed.

All concur.

---

3. There is a suggestion that the Court should rule on the merits of Aziz's claim on the theory that the parole revocation that occurred here may adversely affect a future parole violation hearing by the board. The Court, however, cannot assume that Aziz will be the subject of a future parole violation hearing. Consideration of the effect of the recent parole revocation would not be ripe until the board decides to use the prior findings adversely in a future revocation hearing.